IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02027-BNB

TEDDY HOLLIE,

    Plaintiff,

v.

DENVER COUNTY JAIL, and
CHIEF OF DIVISION,

    Defendants.

## ORDER DISMISSING CASE

Plaintiff, Teddy Hollie, currently is incarcerated at the Denver County Jail. The instant action was commenced when Mr. Hollie submitted to the Court *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. On July 29, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Hollie to cure certain deficiencies if he wished to pursue any claims in this action. On August 6 and 11, 2014, Mr. Hollie submitted two letters and a copy of his inmate trust fund account statement. Magistrate Judge Boland reviewed the letters and found that Mr. Hollie had filed another case, *Teddy Louis Hollie v. Denver County Jail, et al.,* Civil Action No. 14-cv-02026-BNB (D. Colo. July 22, 2014), on the same day he filed the instant action, and that both cases appear to raise similar allegations and claims. Accordingly, Magistrate Judge Boland entered an order (ECF No. 7) directing Mr. Hollie to respond and show cause why the instant action should not be dismissed as repetitive of No. 14-cv-02026-BNB. On August 29, 2014, Mr. Hollie filed a letter (ECF No. 8) in

response to the order to show cause. In the letter, Mr. Hollie states that he did not intend to file two separate actions and that he does not want to proceed with this civil action. The Court construes the letter filed on August 29 as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Hollie "may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by any opposing party in this action. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the letter (ECF No. 8) that the Court construes as a notice of voluntary dismissal. It is

FURTHER ORDERED that the voluntary dismissal is effective as of August 29, 2014, the date the notice of voluntary dismissal was filed in this action. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   5th   day of     September    , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court